IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY LAVELL ROBERTS, <br> # 01629756, <br>     Petitioner, <br> vs. <br> <br> DIRECTOR, Texas Department <br> of Criminal Justice, Correctional <br> Institutions Division, <br>     Respondent. | ) <br> ) <br> ) <br> ) No. 3:23-CV-0639-K-BH <br> ) <br> ) <br> ) <br> ) <br> ) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the petitioner's *Application to Proceed In Forma Pauperis,* received May 26, 2023 (doc. 13), should be **DENIED**, as this case should be **DISMISSED** without prejudice for failure to follow court orders.

**I. BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a civil rights action against the Dallas County District Attorney's Office and three prosecutors in which he expressly argued that he is actually innocent and being restrained in violation of his constitutional rights as a result of their actions in a state criminal proceedings. (*See* doc. 3.) Because he appeared to seek release from custody, his filing was liberally construed as a petition for habeas corpus relief under 28 U.S.C. § 2254 and filed in this habeas case. (*See id.*; doc. 4.) By order dated March 24, 2023, he was notified of the construction of his filing and ordered to file an amended § 2254 petition on the correct form if he wished to pursue habeas relief. (*See* doc. 5.) He was also ordered to either pay the $5.00 filing fee for a habeas case or file an application to proceed *in forma pauperis* (IFP) with a certificate of trust fund account statement for the six month period prior to the

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

filing of this action, as required by 28 U.S.C. § 1915(a). (*See id.*) His amended § 2254 petition and IFP application were received on April 14, 2023. (*See* docs. 6, 7.) The first page of the form habeas form states that if he has access, or has had access, to enough funds, he must pay the filing fee. (*See* doc. 6 at 1.)[2]

The petitioner's trust fund account statement statements showed a balance of $139.69 as of the date of preparation, deposits of $501.02 over the prior six months, average monthly deposits of $83.50, and an average monthly balance of $89.13. (*See* doc. 7 at 3, 4.) According to the statements, the petitioner had sufficient funds with which to pay the $5.00 filing fee, so he was ordered to pay it within thirty days. (*See* doc. 8.) The order warned that failure to pay the fee could result in a formal recommendation that IFP status be denied and that his case be dismissed. (*Id.*)

On May 26, 2023, a second IFP application with a new trust fund account statement for May was received from the petitioner. (*See* doc. 13.) It shows a balance of only $.74, deposits of $501.02 over the prior six months, average monthly deposits of $83.50, and an average monthly balance of $102.36. (*See id.* at 3.)

More than thirty days from the date of the order to pay the filing fee have passed, but the petitioner has not paid it.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140.

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

"This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

The petitioner's April trust fund account statement showed a balance of $139.69 as of the date of its preparation, deposits of $501.02 over the prior six months, average monthly deposits of $83.50, and an average monthly balance of $89.13. (*See* doc. 7 at 4.) It showed that he had access to sufficient funds to pay the $5.00 filing fee, so he was ordered to pay it within thirty days. (*See* doc. 8.) The petitioner submitted a second IFP application with a new trust fund account statement for May which showed that he had exhausted his funds and had a balance of only $.74, with deposits of $501.02 over the prior six months, average monthly deposits of $83.50, and an average monthly balance of $102.36. (*See* doc. 13 at 3.)

The first page of the habeas form petition submitted by the petitioner expressly gave him notice that if he had or has had access to enough funds, he must pay the filing fee. Both trust fund account statements show that he had access to sufficient funds to pay the $5.00 filing fee, but he chose to exhaust those funds instead of paying the fee. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP application should therefore be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, pre-

vent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner was given thirty days to pay the filing fee, and he was specifically warned that failure to do so could result in dismissal of this action. He still has not paid the fee and instead filed a new IFP application showing that he exhausted his available funds without paying the filing fee. Because he failed to comply with the order that he pay the $5.00 filing fee, this case should be dismissed for failure to follow an order of the court.

## IV.  RECOMMENDATION

Leave to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the petitioner pays the filing fee within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 30th day of May, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
