IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY LAVELL ROBERTS, <br> #01629756, <br> Petitioner, <br> <br> vs. <br> <br> DIRECTOR, Texas Department <br> of Criminal Justice, Correctional <br> Institutions Division, <br> Respondent. | No. 3:23-CV-0639-K-BH <br><br><br> Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the petitioner's payment of the filing fee in this action, posted on November 27, 2023, should be liberally construed as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b) and **GRANTED**, and the judgment dismissing this case without prejudice under Federal Rule of Civil Procedure 41(b) should be **VACATED**. The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 14, 2023 (doc. 6), should be **DENIED** with prejudice as barred by the statute of limitations.

### I.     BACKGROUND

Timothy Lavell Roberts (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his 2010 conviction and sentence in Case No. F-100114-I in Dallas County, Texas, under 28 U.S.C. § 2254. (*See* doc. 6.) He names the Warden of his place of incarceration as the respondent in his amended § 2254 petition. (*See id.* at 1.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

On March 3, 2010, a jury convicted Petitioner of murder in Case No. F-100114-I in the Criminal District Court No. 2 of Dallas County, Texas, and sentenced him to 40 years' imprisonment in the TDCJ-CID. *See Judgment*, *State v. Roberts*, No. F-100114-I (Crim. Dist. Ct. No. 2, Dallas Cty., Tex. Mar. 3, 2010). The judgment was affirmed on appeal. *See Roberts v. State*, No. 05-10-00632-CR, 2011 WL 6225229, at *1, 6 (Tex. App.—Dallas, Dec. 15, 2011, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review (PDR) on April 25, 2012, and issued its final disposition refusing the PDR on May 29, 2012. *See Roberts v. State*, No. PD-0038-12 (Tex. Crim. App. Apr. 25, 2012). His state habeas application, signed on February 1, 2017, was received by the trial court on February 10, 2017. *See Ex parte Roberts*, No. W-10-00114-I(A) (Crim. Dist. Ct. No. 2, Dallas Cty., Tex. Feb. 10, 2017). On November 8, 2017, the Texas Court of Criminal Appeals denied his state habeas application without written order. *See Ex parte Roberts*, No. WR-87,373-01 (Tex. Crim. App. Nov. 8, 2017). It denied his subsequent motion seeking special judicial review of the application on December 5, 2017. *See id.*

This federal habeas action under 28 U.S.C. § 2254 was opened based on a filing received from Petitioner on March 21, 2023, in a separate civil rights action. (*See* docs. 3-4.) By order dated March 24, 2023, he was notified that his filing was being construed as a § 2254 petition; he was ordered to file an amended § 2254 petition on the correct form if he wished to pursue habeas relief. (*See* doc. 5.) He was also ordered to either pay the $5.00 filing fee for a habeas case or file an application to proceed *in forma pauperis* (IFP) with a certificate of trust fund account statement for the six-month period prior to the filing of this action, as required by 28 U.S.C. § 1915(a). (*See id.*) His amended § 2254 petition and IFP application were received on April 14, 2023. (*See* docs. 6-7.) The amended § 2254 petition raised the following grounds for relief:

(1) Denied of his United States and Texas Constitution Rights when Dallas District Attorney Rita Granado and Rachael Jones put a false eyewitness on stand for

2

>   murder a [sic] extremely unreliable witness denied a fair trial Roger Haynes failed to object. Denied effective assistance of counsel;
>
> (2) Denied of his United States Constitution and Texas Constitution Rights was [sic] violated when City of Balch Spring police dept [sic] and Dallas County DA Office denied Due process of the LAW;
>
> (3) [Petitioner] denied the United States Constitution and Texas Constitution Right when he was not perpetrate [sic] the nite [sic] of murder. Violation of due process and course of LAW; and
>
> (4) Denied United States Constitutional Rights and Texas Constitutional Article 4 Section 10 and Section 19 when he claim [sic] "Actually Innocent" and being illegally held and restrained in his liberty[.]

(doc. 6 at 6-7.)

Because the accompanying trust fund account statement accompanying his IFP application showed that he had sufficient funds with which to pay the $5.00 filing fee, he was ordered to pay it within thirty days. (*See* doc. 7 at 3-4; doc. 8.) The order warned that failure to pay the fee could result in a formal recommendation that IFP status be denied and that his case be dismissed. (*See* doc. 8.) Instead of paying the fee, he submitted a second IFP application and trust fund account statement showing that he had depleted his available balance. (*See* doc. 13.) The trust fund account statements showed that he had previously had access to sufficient funds to pay the $5.00 filing fee, but chose to exhaust those funds instead of paying the fee, and Petitioner did not show that he had any demands on his financial resources or would suffer undue financial hardship after payment of the $5.00 filing fee. (*See* docs. 7, 13.) Because he failed to comply with the order that he pay the $5.00 filing fee, it was recommended on May 30, 2023, that his IFP application be denied and the § 2254 petition be denied without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow an order of the Court, unless he paid the filing fee within the objection period or by some other deadline imposed by the Court. (*See* doc. 14.) Petitioner did not pay the filing fee, and on June 27, 2023, the recommendation was accepted, and the case was dismissed

without prejudice under Rule 41(b) for failure to comply with Court orders to pay the filing fee. (*See* docs. 16-17.) Five months later, on November 27, 2023, Petitioner's $5.00 filing fee was received and processed.

## II. FED. R. CIV. P. 60(b)

As discussed, Petitioner's $5.00 filing fee was processed on November 27, 2023. Because the payment was received five months after entry of judgment, and it appears he is seeking to reopen this closed § 2254 action by paying the filing fee, his payment should be liberally construed as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.*, 79 F. App'x 61, 62 (5th Cir. 2003); *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (stating that "[a] motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed.").

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1).

Because Petitioner does not invoke any of the reasons for relief from judgment under the

first five paragraphs of Rule 60(b), his payment of the filing fee is considered under paragraph (6), which is the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This paragraph is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216 (citation and internal quotation marks omitted). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating such a motion: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (6) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, the record indicates that Petitioner sent a check to pay the $5.00 filing fee sometime before July 31, 2023, which was returned to him with instructions to correct and refile it. (*See* doc. 18 at 1, 3.) His $5.00 filing fee was posted on November 27, 2023. Because it appears that he was attempting to comply with the orders of the Court to pay the filing fee, and because he has now complied by paying the fee, the factors tip in favor of granting relief under Rule 60(b) from the Rule 41(b) dismissal of the case. Accordingly, Petitioner's motion should be granted, the judgment

dismissing this case under Rule 41(b) should be vacated, and the Court should proceed to the merits of his claims.

### III. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction in Case No. F-100114-I became final for purposes of § 2244(d)(1)(A) no later than August 27, 2012, after the expiration of the 90-day period to file a petition for a writ of certiorari with the Supreme Court following the Texas Court of Criminal

Appeals' final disposition refusing his PDR.[2] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("finality [is] established by the expiration of the ninety-day period to seek further review with the Supreme Court."). Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not identified any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, August 27, 2012. Petitioner filed this habeas action over ten years later. His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

A.   **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's state habeas application, signed on February 1, 2017, was received by the trial court on February 10, 2017, over three years after the limitations period expired on August 27, 2013. It therefore does not toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state court after expiration of the limitations period does not statutorily toll the limitations period).

---

[2] In an abundance of caution and for purposes of this motion only, the later date of the Texas Court of Criminal Appeals' final disposition refusing the PDR is used in determining the date Petitioner's conviction became final, rather than the earlier date of April 25, 2012, when the PDR was first refused.

B. **Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner provides no basis for equitably tolling the limitations period, and he has therefore failed to meet his burden to show that he is entitled to equitable tolling.

C. **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the

statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Here, Petitioner has failed to satisfy this high bar. He appears to claim that he is actually innocent of the offense of conviction because "[t]he night of the murder Jamie Carroll and Jeff Byrum was [sic] on Kleburg Road the nite [sic] of 10-10-08, Driving a small [ ] Chev. 4 door sedan Red [sic] Jamie Carroll is eyewitness to [the victim's] murder [ ] both excessory [sic] to murder[.]" (doc. 6 at 7.) He also "challenges states [sic] Biology Evidence under Newly Discoverly [sic]," alleging that a truck involved in the underlying criminal investigation was in police custody and with a towing company, detectives placed a hold on the truck, the truck was released on October 11, 2008, to a woman "showing 3 type of register [sic] to towing co.[,]" and the truck's "carpet didn't contain no type of blood 2cycle [sic] oil mixture." (*Id.*) He attaches over 60 pages of exhibits

9

to his petition, which include photos, post-conviction emails, investigation and court records, criminal records of witnesses, and trial exhibits. (*See id.* at 15-33; doc. 6-1.) Petitioner has not alleged or shown that the alleged evidence on which he relies was "new" evidence for purposes of *Schlup*. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) ("Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'"). Further, his allegations and the evidence on which he relies do not present evidence of actual innocence of murder. Accordingly, Petitioner cannot overcome the applicable AEDPA limitations period on the basis of alleged actual innocence, and his § 2254 petition should be denied as untimely.

### IV. RECOMMENDATION

Petitioner's payment of the filing fee in this action, posted on November 27, 2023, should be liberally construed as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b) and **GRANTED**, the judgment dismissing this case without prejudice under Federal Rule of Civil Procedure 41(b) should be **VACATED**, and the Court should proceed to the merits of the case. The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 14, 2023 (doc. 6), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 1st day of December, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE